**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000595
29-JUN-2020
07:51 AM**

NO. CAAP-17-0000595

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
JAMES P. AKIONA, JR., Defendant-Appellee


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CR. NO. 3FFC-17-0000008)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Chan, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**) appeals from an "Order Granting Defendant's Motion to Dismiss for Penal Summons Issued Absent Probable Cause Supported by Oath or Affirmation, Complaint Lacking Supporting Affidavit and Improper Arraignment" entered on July 11, 2017, by the Family Court of the Third Circuit (**Family Court**).[1]

On January 26, 2017, the State filed a criminal Complaint, charging Defendant-Appellee James Akiona, Jr. (**Akiona**), with one count of the offense of violating a temporary restraining order on August 17, 2016, in violation of Hawaii Revised Statutes (**HRS**) § 586-4 (2012).  The Complaint was signed by a Deputy Prosecuting Attorney only.  On April 26, 2017, upon the issuance of two penal summons, Akiona appeared in Family

---

[1]  The Honorable Aley K. Auna presided.

Court, where he was presented with a copy of the complaint, orally arraigned, and requested an attorney.  Upon Akiona's subsequent motion, the Family Court dismissed the Complaint without prejudice on the grounds that the Complaint was not signed by the complainant under oath or made by declaration under the rules of court, in violation of HRS § 805-1[2] and Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 5(b)(1).[3]

---

[2]    **§ 805-1 Complaint; form of warrant**.  When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and **shall cause the complaint to be subscribed by the complainant under oath**, which the prosecuting officer is hereby authorized to administer, **or the complaint shall be made by declaration in accordance with the rules of court**.  If the original complaint results from the issuance of a traffic summons or a citation in lieu of an arrest pursuant to section 803-6, by a police officer, the oath may be administered by any police officer whose name has been submitted to the prosecuting officer and who has been designated by the chief of police to administer the oath, or the complaint may be submitted by declaration in accordance with the rules of court.  Upon presentation of the written complaint to the judge in whose circuit the offense allegedly has been committed, the judge shall issue a warrant, reciting the complaint and requiring the sheriff, or other officer to whom it is directed, except as provided in section 805-3, to arrest the accused and to bring the accused before the judge to be dealt with according to law; and in the same warrant the judge may require the officer to summon such witnesses as are named in the warrant to appear and give evidence at the trial.  The warrant may be in the form established by the usage and practice of the issuing court.

[3]    HRPP 5(b)(1) provides, in part:

     ARRAIGNMENT.  In the district court, if the offense charged against the defendant is other than a felony, the complaint shall be filed and proceedings shall be had in accordance with this section (b).  A copy of the complaint, including any affidavits in support thereof, and a copy of the appropriate order, if any, shall be furnished to the defendant. . . . When the offense is charged by complaint, arraignment shall be in open court, or by video conference when permitted by Rule 43.  The arraignment shall consist of the reading of the complaint to the defendant and calling upon the defendant to plead thereto. . . . The defendant may waive the reading of the complaint . . . at arraignment. . . . In addition to the requirements of Rule 10(e), the court shall, in appropriate

(continued...)

On appeal, the State argues that the Family Court erred by: dismissing the complaint due to the absence of a signature, under oath, from the complainant; dismissing the complaint for lack of an accompanying affidavit at the time of Akiona's arraignment; and dismissing the case for lack of a probable cause determination and for considering a penal summons case as equivalent to an arrest and charge case.

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant legal authority, we resolve the State's points of error as follows, and vacate and remand.

This court recently examined similar issues in State v. Thompson, No. CAAP-17-0000361, -- P.3d --, 2020 WL 1970772 (App. Apr. 24, 2020).  There, we considered the legislative intent of HRS § 805-1 and concluded, *inter alia*, the Family Court erred in dismissing a complaint on the grounds that the complaint was neither signed by the complainant under oath nor made by declaration in accordance with the rules of court.  Id. at *6.  The analysis in Thompson, based on facts nearly identical to this case, is on point.

(1)  First, the State argues that the Family Court erred in dismissing the complaint because it was not signed by the complainant.  As noted above, it is undisputed that the Complaint was not "subscribed by a complainant under oath."  However, HRPP Rule 7(d)[4] only requires that a complaint be signed

_____

[3](...continued)
　　　　cases, inform the defendant of the right to jury
　　　　trial in the circuit court and that the defendant
　　　　may elect to be tried without a jury in the
　　　　district court.

HRPP Rule 5(b)(1) (emphasis added).

[4]　　　HRPP Rule 7(d) provides, in relevant part:

　　　　**Nature and contents.**  The charge shall be a
　　　　plain, concise and definite statement of the essential
　　　　facts constituting the offense charged.  An indictment
　　　　shall be signed by the prosecutor and the foreperson
　　　　　　　　　　　　　　　　　　　　　　　　　　(continued...)

by the prosecutor.  See id. (recognizing that the complaint was signed by the prosecutor in compliance with HRPP Rule 7(d)).  In addition, the absence of a sworn complaint or supporting declaration, for the purpose of initiating and maintaining the prosecution against Akiona, did not render the Complaint fatally defective.  Id.  Thus, given the circumstances in this case, we conclude the Family Court erred by dismissing the Complaint on the ground that it was neither signed by the complainant under oath nor made by declaration in accordance with the rules of court.

(2) The State next argues that the Family Court erred in dismissing the Complaint on grounds that Akiona was not provided an accompanying affidavit at the time of his arraignment.  However, HRPP Rule 5(b)(1) does not require furnishing of an affidavit to Akiona.  Id. at *7.  HRPP Rule 9[5] outlines two methods for obtaining the appearance of a defendant: by summons or a warrant.  An arrest warrant may not be issued upon a complaint, "unless it appears from the sworn complaint, or

---

[4](...continued)
        of the grand jury.  An information shall be signed by
        the prosecutor.  **A complaint shall be signed by the
        prosecutor**.

HRPP Rule 7(d) (emphasis added).

    [5]     HRPP Rule 9 provides, in relevant part:

            (1) SUMMONS.  Upon request of the prosecutor,
        the clerk shall issue a summons for a defendant named:
            (i) in the complaint;
            (ii) in the indictment; or
            (iii) in the information.  When a defendant is
        a corporation or any legal entity other than a
        natural person, a summons instead of a warrant shall
        issue to an authorized representative of the entity.
            (2) WARRANT.  The court may order issuance of a
        warrant instead of a summons upon request of the
        prosecutor; provided however, that no warrant shall
        issue:
            (i) Upon a complaint unless it appears from the
        sworn complaint, or from affidavit(s) or
        declaration(s) filed with the complaint, that there
        is probable cause to believe that an offense has been
        committed and that the defendant has committed it[.]

HRPP 9(a).

from affidavit(s) or declaration(s) filed with the complaint," that there is probable cause to believe that the defendant has committed an offense. HRPP Rule 9(a)(2)(i). However, Akiona appeared in the Family Court pursuant to an amended penal summons. The Complaint was not the basis for an arrest warrant, and no arrest warrant was issued. Under these circumstances, HRPP Rule 5(b)(1) did not require the State to furnish Akiona with an affidavit in support of the Complaint. Thompson, 2020 WL1970772, at *7. Consequently, we conclude the Family Court erred in dismissing the Complaint on the ground that no supporting affidavit was provided to Akiona at the time of his arraignment.

(3) Finally, the State argues that the Family Court erred in dismissing the case for lack of a probable cause determination and for considering a penal summons case equivalent to an arrest and charge case. As discussed in Thompson, HRPP Rule 9(a) distinguishes a penal summons from an arrest warrant and requires a probable cause showing for issuance of a warrant, but not for issuance of a penal summons. Thompson, 2020 WL 1970772, at *7 (noting the complaint was not the basis for an arrest warrant, and no arrest warrant was issued). Here, Akiona was issued a summons, and not an arrest warrant. Hence, similar to Thompson, we conclude the Family Court erred in dismissing the case for lack of a probable cause determination when none was required.[6]

Therefore, IT IS HEREBY ORDERED that the "Order Granting Defendant's Motion to Dismiss For Penal Summons Issued Absent Probable Cause Supported By Oath or Affirmation, Complaint Lacking Supporting Affidavit, and Improper Arraignment," issued

---

[6] We note that the first Penal Summons in this case filed on February 21, 2017, states in part: "If you fail to appear, a warrant of arrest shall be issued for you." A Second Penal Summons was filed on March 22, 2017, which states in part: "Failure to obey this summons will render you liable to prosecution for contempt." In making their arguments on appeal, neither party relies on or references the above language in the two penal summons. Moreover, the record reflects that no arrest was made and no warrant was issued. We therefore do not address any issue regarding the above language in the two penal summons.

by the Family Court of the Third Circuit on July 11, 2017, is vacated.  We remand this case to the Family Court for proceedings consistent with this order.

DATED:  Honolulu, Hawaiʻi, June 29, 2020.


On the briefs:                      /s/ Lisa M. Ginoza
                                    Chief Judge
Charles E. Murray, III,
Deputy Prosecuting Attorney,        /s/ Katherine G. Leonard
for Plaintiff-Appellee.             Associate Judge

Phyllis J. Hironaka,                /s/ Derrick H.M. Chan
Deputy Public Defender,             Associate Judge
for Defendant-Appellee.